The Honorable Donald L. Graham United States District Judge Southern District of Florida 300 Northeast 1st Avenue Miami, Florida 33132
Dear Judge Graham:
You request my opinion on substantially the following question:
Are United States District Court Judges exempt from the licensure provisions of s. 790.06, F.S. (1992 Supp.), for concealed weapons?
In sum:
Section 790.061, F.S., which contains a limited exception from the licensure requirements of s. 790.06, F.S. (1992 Supp.) for certain judges, applies to state court judges only.
You state that, in researching the Florida Statutes related to concealed weapons, you became aware of s. 790.061, F.S., which exempts judges and justices from the licensure provisions of s.790.06, F.S. (1992 Supp.). You, therefore, ask whether you, as a United States District Court Judge, are exempt from such licensure provisions.[1]
Chapter 790, F.S., regulates the carrying and licensing of firearms and weapons in the State of Florida.[2] Except as provided by law, "it shall be unlawful for any person to openly carry on or about his person any firearm . . . ."[3] Section790.01(2), F.S. (1992 Supp.), makes it a felony of the third degree for a person to carry a concealed firearm on or about his person unless he is licensed pursuant to ss. 790.053 and 790.06, F.S.
Section 790.061, F.S., however, provides:
No county court judge, circuit court judge, district court of appeal judge, or justice of the supreme court shall be required to comply with the provisions of s. 790.06 in order to receive a license to carry a concealed weapon or firearm, except that any such justice or judge shall be required to comply with the provisions of s. 790.06(2)(h). The Department of State shall issue a license to carry a concealed weapon or firearm to any such justice or judge upon demonstration of competence of the justice or judge pursuant to s. 790.06(2)(h).
The Florida Constitution vests the judicial power of the state in a supreme court, district courts of appeal, circuit courts and county courts.[4] Section 790.061, F.S., rather than referring to judges and justices in general, specifically enumerates the judges and justices of the state court system. Where a statute enumerates those things upon which it is to operate, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[5] Moreover, an examination of the legislative history surrounding the enactment of the statute indicates that the legislation was intended to affect state court judges and justices.[6] Accordingly, I am of the opinion that s. 790.061, F.S., does not encompass federal judges. Section 790.06, F.S. (1992 Supp.), however, in requiring a license to carry a concealed weapon, specifically states that "nothing in this section would preclude a judge from carrying a concealed weapon or determining who will carry a concealed weapon in his courtroom."[7] The statute, therefore, does not require a judge to be licensed thereunder in order to carry a concealed weapon in his or her own courtroom.
Section 790.06, F.S. (1992 Supp.), refers only to a "judge" in contrast to s. 790.061, F.S., which specifically enumerates the state court judges.[8] In the absence of any words of limitation, the term "judge" as used in s. 790.06(12), F.S. (1992 Supp.), is, in my opinion, broad enough to encompass federal court judges.[9]
However, while the licensing requirements of s. 790.06, F.S. (1992 Supp.), may not be applicable to federal judges carrying concealed weapons in their courtroom, such judges would be required to apply for, and to be granted, a concealed weapon permit if they wish to carry a concealed weapon outside of the courtroom.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 16.01(3), F.S., which authorizes the Attorney General to render opinions to public officials on questions of state law relating to their own official duties.
[2] See, ss. 790.001(6) and (13), F.S., which respectively defines "Firearm" and "Weapon."
[3] See, s. 790.053, F.S.
[4] See, s. 1, Art. V, State Const. And see, ss. 3, 4, 5, and 6, Art. V, State Const., providing for the organization and jurisdiction of such courts.
[5] See, e.g., Thayer v. State, 335 So.2d 815 (Fla. 1976).
[6] In 1989, s. 790.06, F.S. 1987, was amended to authorize circuit and county court judges to apply for, and, if application criteria was met, be granted a concealed weapons permit in 20 days and to pay a reduced application fee of 50. See, s. 2, Ch. 89-60, Laws of Florida, codified as s. 790.06(6)(g), F.S. 1989. The following year, the Legislature enacted s. 790.061, F.S., the purpose of which was in part to afford the district court of appeal judges and the Supreme Court justices the same provisions to obtain licenses to carry concealed weapons as had been provided for circuit and county court judges in 1989. See, Tape 1, Committee on Criminal Justice Committee, dated April 10, 1990, on HB 1447, Florida House of Representatives. Substantially the same language as was contained in HB 1447 was subsequently incorporated into HB 2039, enacted as Ch. 90-311, Laws of Florida. See, Journal of the Florida House of Representatives, on HB 2039, April 26, 1990, p. 353.
[7] Cf., 18 U.S.C. § 930 which, in prohibiting the possession of firearms and dangerous weapons in federal facilities, recognizes the power of a court of the United States to promulgate rules or orders regulating the possession of weapons within the building housing such court or its proceedings.
[8] Cf., s. 790.001(8), F.S., which includes within the definition of "Law enforcement officer", officers or employees of the United States who have the authority to make arrests or who are duly authorized to carry concealed weapons; and s. 790.051, F.S., which excludes "law enforcement officers" from the licensing provisions of Ch. 790, F.S., when acting within the scope or course of their official duties.
[9] Cf., Final Staff Analysis and Economic Impact Statement on SB 89-60, Committee on Criminal Justice, Florida House of Representatives, June 16, 1989, which added a provision s. 790.06, F.S., which authorized circuit and county court judges to apply for, and receive if they met the criteria, a concealed weapons license and to pay a reduced application fee. In considering the situation prior to amendment of s. 790.06, F.S., the staff analysis states that "[a] judge may carry, as well as determine who will carry, a concealed weapon in the courtroom, pursuant to s. 790.06, F.S. Circuit and county judges must apply for and be granted concealed weapons permits if they wish to carry outside the court."